SHAHOOD, J.
Appellants, as co-personal representatives of the Estate of Lester S. Nolan, appeal from the trial court’s orders denying them petition to extend the time for filing the final accounting and petition for discharge, an order administratively closing the Estate and an order denying their motion for rehearing. In addition, the trial court, sua sponte, suspended the co-personal representatives’ authority to act on behalf of the Estate without discharging them. For the reasons discussed be *250 low, we reverse and vacate those orders and direct that the co-personal representatives’ authority to administer the Estate be restored.
The decedent’s Will was admitted to probate on August 28, 1992. During the administration of the Estate, the Estate was subject to a protracted litigation concerning the remediation and environmental cleanup of a portion of a parcel of commercial real property owned by the decedent in Delaware. Prior to decedent’s death, the property had been sold to Insteel Corporation. At the time of such sale, the existence of an environmental hazard was known and disclosed to Insteel. As a result, the purchase and sale agreement with Insteel required the decedent and subsequently his Estate, to undertake the environmental cleanup of the property in a manner satisfactory to the Delaware Department of Natural Resources (DNREC).
On November 18, 1997, the co-personal representatives petitioned the court for an order approving plan for remediation of real property and request for declaratory action. Insteel contested the plan for remediation and following proceedings on the matter, the trial court, on July 29, 1998, entered an order granting petition for order approving plan for remediation of real property and request for declaratory action. The court rejected Insteel’s argument that it had the right to approve the form of remediation and held that the Estate had the sole discretion in choosing the method of remediation. Once remediation is completed and approved by the DNREC, with the Estate expending its assets for the cleanup, and the requirements of the lease agreement with Insteel are satisfied, Insteel’s obligation to purchase the property for the sum of $600,000 under the ground lease would arise.
On August 5, 1998, seven days after the trial court entered the remediation order authorizing the co-personal representatives to complete the remediation, the trial court entered an order of dismissal and demanded that good cause be shown by affidavit why the Estate action should not be dismissed from lack of prosecution. The co-personal representatives submitted an affidavit pursuant to the trial court’s order on August 28, 1998 and the trial court vacated its dismissal on October 22, 1998.
On August 18,1998, Insteel appealed the Order Granting the Petition for Order Approving Plan for Remediation of Real Property and Request for Declaratory Action, which this court per curiam affirmed on May 12, 1999. See Insteel Wire Prods. Co. v. Estate of Lester S. Nolan, 732 So.2d 1081 (Fla. 4th DCA 1999).
The co-personal representatives maintain that although diligently pursued, the remediation of the property has not been completed. Throughout the administration of the Estate, the co-personal representatives petitioned the court for extensions of time to file a final accounting and petition for discharge pursuant to section 733.901, Florida Statutes, to which the beneficiaries never objected. In each prior instance, the trial court granted the petition.
On April 19, 2000, the co-personal representatives filed a Sixth Petition to Extend Time to File Final Accounting and Petition for Discharge. The co-personal representatives explained that following this court’s May 12, 1999 order affirming the order approving the remediation plan, the Estate was in the process of cleaning up the environmental hazard on the Delaware property. Thus, they could not file a final accounting and petition for discharge at that time and for approximately one year or until March 31, 2001. On April 28, 2000, the trial court denied the petition to extend time for filing final accounting and *251 petition for discharge. On September 27, 2000, the co-personal representatives filed an interim accounting with the court. On November 22, 2000, the co-personal representatives filed a Seventh Petition to Extend Time for Filing Final Accounting and Petition for Discharge on the grounds that the cleanup of the property was still ongoing. The trial court denied the petition and also entered an Order Administratively Closing Estate. In administratively closing the Estate, the court dismissed the case for failure to prosecute. Although it suspended the authority of the co-personal representatives, the trial court did not discharge them or relieve them of any liability which may arise from the “maladministration” of the Estate.
The co-personal representatives filed a motion for rehearing explaining that once the appeals court affirmed the order approving the plan for remediation, they had little control over the timing of the cleanup of the property because that was controlled by the DNREC. Because the court removed their authority to act on behalf of the Estate and its beneficiaries, the Estate’s assets were being placed in jeopardy.
In denying its motion for rehearing, the court noted that the primary basis for the extensions was the litigation with Insteel, but that since the decision relating to In-steel was affirmed, that could not be the substance for continuing the delay of the closing of the Estate. The court also erroneously stated that a final accounting for the Estate was filed on September 28, 1994 and held that because the Estate had been open for eight years there was no justifiable reason for the court to change its order closing the Estate.
Under the facts of this case, the trial court abused its discretion in refusing to extend the time for a final accounting and petition for discharge and in summarily administratively closing the Estate prior to the completion of remediation.
Section 733.603, Florida Statutes, provides that a personal representative shall proceed expeditiously with the settlement and distribution of a decedent’s estate without adjudication, order or direction of the court. A personal representative may invoke the jurisdiction of the court to resolve judicial questions concerning the estate or its administration. Here, the co-personal representatives invoked the jurisdiction of the trial court regarding the litigation with Insteel and obtained an order on the plan for remediation.
As evidenced by the Order Approving the Plan for Remediation, approved by the trial court and upheld on appeal by this court, the Estate was responsible for the payment and cleanup of an environmental hazard on property which would ultimately be subject to distribution to the beneficiaries upon the completion of the remediation. Once the remediation has been completed and approved by the DNREC, and the requirements of the lease agreement with Insteel satisfied, Insteel’s obligation to purchase the property for the sum of $600,000 under the ground lease arises.
According to the co-personal representatives, they had little control over the timing and completion of the cleanup since that is controlled by the DNREC. Thus, they anticipated that the DNREC would complete the environmental cleanup by May 31, 2001. As such, it was virtually impossible for the co-personal representatives to file a final accounting and petition for discharge when the final costs to the Estate were unknown and they had not fulfilled their duties as co-personal representatives. To summarily close the Estate and suspend the authority of the co-personal representatives to act on behalf of the Estate and its beneficiaries was to place the Estate’s assets in jeopardy and *252 deprive the beneficiaries of those assets rightfully belonging to them.
At no time did the co-personal representatives act in derogation of law or court order. They continuously filed interim ac-countings with the court and distributed principal and income to the beneficiaries. Further, no objections were entered by the beneficiaries complaining about the length of time to close the Estate.
Additionally, section 733.903, Florida Statutes, provides that the final settlement of an estate and discharge of the personal representative shall not prevent a revocation of the order of discharge or the subsequent issuance of letters if other property of the estate is discovered or if it becomes necessary that further administration of the estate be had for any cause. Thus, the co-personal representatives have the ability to request and receive an order of subsequent administration pursuant to section 733.903 because all of the assets of the Estate had not been distributed.
Lastly, the court abused its discretion in administratively closing the Estate based on failure to prosecute. The court was evidently preoccupied with the fact that the Estate had been open for eight years. The court previously entered a dismissal on August 5, 1998 for failure to prosecute, seven days after it entered an order on the remediation. Following the submission of affidavits by the co-personal representatives, alerting the court to that fact, the court vacated its order of dismissal. It seems implausible that the trial court could maintain in its order denying the rehearing that the Insteel litigation and subsequent appeal, which delayed the cleanup of property ultimately destined for sale and distribution of the assets to beneficiaries, was not a cause for continuing the delay of the closing of the Estate.
Because we vacate the trial court’s orders administratively closing the Estate and refusing to extend the time for filing a final accounting and petition for discharge, we need not address the court’s denial of the motion for rehearing. Upon remand, we direct that the co-personal representatives’ authority to act on behalf of the Estate and its beneficiaries be restored.
REVERSED AND REMANDED WITH DIRECTIONS.
KLEIN and GROSS, JJ., concur.